UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CHRIS G. GILKERS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 05-841** |
| **BURL CAIN, Warden**<br>**Louisiana State Penitentiary** | **SECTION "K" (2)** |

ORDER AND REASONS

After considering the petition under 28 U.S.C. § 2254 for writ of habeas corpus by a person in state custody,[1] the record, the applicable law, the Report and Recommendation of the United States Magistrate [2], the plaintiff's objections [3] received on April 27, 2006, and having conducted a *de novo* review of those portions of the Report and Recommendation to which objections are made as required by 28 U.S.C.§ 636(b)(1), the Court hereby approves the Report and Recommendation of the United States Magistrate Judge and adopts it as its opinion in this matter.

---

[1] Rec. doc. no. (1)

[2] Report & Recommendation Rec. Doc. no. (10)

[3] Objection to Magistrate Judge Joseph C. Wilkinson, Jr.'s Second Report and Recommendation (Rec. Doc. no. 11)

1

Magistrate judges are empowered by statute to preside over certain pretrial matters upon appointment by a district judge. 28 U.S.C. §636(b)(1)(A); *see also* Rules Governing § 2254 Cases, Rule 10. A district court evaluating a magistrate judge's recommendation may adopt those portions of the recommendation to which no specific objection is made, as long as those sections are not clearly erroneous. *See id;* Fed.R.Civ.P.,72(b). However, where a party makes "specific, written objections" within 10 days after being served with a copy of the magistrate's recommendations, the district court must undertake de novo review of those contested aspects of the report. 28 U.S.C. § 636(b)(1)(c); *see also* Fed.R.Civ.P. 72(b). The district court may then "accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions." Fed.R.Civ.P. 72(b).

## Facts & Procedural History

The state court procedural background is meticulously set forth in the Report and Recommendation. Suffice it to say, that petitioner Gilkers was convicted of second degree murder of his wife and was convicted upon completion of the trial on May 16, 2001.

Gilkers asserted two grounds for substantive relief on appeal:

(1)   the trial court erred in denying the motion for new trial based on newly discovered evidence; and

(2)   the trial court erred when it refused to allow a special jury charge on negligent homicide.

On May 29, 2002, the Louisiana Fifth Circuit affirmed Gilkers' conviction finding his claims without merit and he applied for writs to the Louisiana Supreme Court which were ultimately denied

on June 6, 2003.

On October 23, 2003, Gilkers filed in the state court his personal application for post conviction relief and asserted four grounds:

    (1)    the evidence at trial was insufficient to support a conviction for second degree murder, as the evidence did not establish specific intent as Gilkers claims he was too intoxicated to form such intent;

    (2)    he was denied a fair trial because the State introduced other crimes, evidence on rebuttal without notice;

    (3)    He was denied effective assistance of counsel because his counsel failed to call witnessers, put on a defense, inform petitioner of a plea offer or act as an advocate; and

    (4)    That La. Code Crim. P.Art. 814 regarding Responsive Verdicts for second degree murder is unconstitutional because it prohibits a responsive verdict of negligent homicide.

On November 5, 2002, the state trial court denied the application. The court held that review of the sufficiency of the evidence claim was procedurally barred for failure to raise it on direct appeal, the review of the "other crimes"evidence and responsive verdict claims were barred as repetitive claims already addressed on direct appeal , and the ineffective assistance of counsel claim was without merit. The Louisiana Fifth Circuit denied the application on December 15, 2003, and on June 22, 2004, Gilkers' filed a writ application with the Louisiana Supreme Court challenging the denial of relief on his four post conviction claims and the Supreme Court denied that application

without reasons on June 14, 2005.

Finally, on March 18, 2005, Gilkers filed a Petition for Federal Habeas Corpus relief in this Court, basically re-urging the four claims he had urged in his post conviction relief filings with the state court.

The magistrate judge comprehensively discussed each of the claims and found them to be without merit. Gilkers filed an objection as to all of the findings made by the magistrate judge in his Report and Recommendations. In reviewing petitioner's objections, this Court will address the complaints in the same order employed in the magistrate judge's Report and Recommendation.

## A

### The Claim that the Evidence was not Constitutionally Sufficient and that such Claim was not Procedurally Barred Pursuant to Louisiana Code of Criminal Procedure Article 930.4(c).

Petitioner claims that 930.4(c) is discretionary and not mandatory. Moreover, he claims that the trial judge did not follow the procedure set forth in 930.4(f) and that it was not a regularly applied state procedural rule and, therefore, not subject to procedural default.

The Court adopts *in toto* the magistrate judge's reasoning concerning cause and prejudice and fundamental miscarriage of justice. The Court also notes that the petitioner did not specifically object to the magistrate judge's analysis of these issues.

In *Bell v. Cain*, 2002 WL 31003831 (E.D. La), Judge Africk discussed whether 930.4(c) was, in fact, a procedural bar. Judge Africk held after a review of Louisiana cases, that the Louisiana courts consistently applied 930.4(c) as a procedural default and an independent and

adequate state procedural rule. This Court adopts the reasoning of Judge Africk in *Bell* and further finds that petitioner has not met his burden that the provision was not regularly or strictly followed. Moreover, petitioner contends that the trial judge' failed to comply with La.C.Crim.P., Art. 930.4(F). If the petitioner uses the state uniform application for post conviction relief, the trial court is not required to do so and, therefore, there is no need to comply with La.C.Crim.P., Art. 930.4(F) State *ex rel. , Rice v. State*, 749 So.2d 650 (La. 1999).

Therefore, the Court concurs with the magistrate judge that the claim of insufficiency of the evidence is procedurally barred.

**B**

**The State Court Allowed "Other Crimes" Evidence on Rebuttal Without Complying with the Notice Requirements of the Louisiana Code of Evidence Article 404(B)(1).**

Gilkers contends he did not receive a fair trial because his daughter testified as to threats made to the deceased on rebuttal. He further contends that he was not given notice in accordance with the Louisiana Code of Evidence and that another witness, Carl Knight, had presented contradictory testimony. The Louisiana Fifth Circuit noted that Gilkers was asked about two incidents of prior threats while on cross examination and held that the rebuttal evidence related to prior threats against his wife and were not duly discovered, but simply cumulative of the testimony already before the jury. This issue is a mixed question of law and fact and under the applicable standard of review, the Court must determine if the state court's decision is contrary to and involve a unquestionable application of Supreme Court precedent.

The Court concurs with the magistrate judge's Report and Recommendation and defendant put his credibility in issue and that the admission of the rebuttal testimony was not contrary to Supreme Court precedent.  The Court also notes that Gilkers did not cite any Supreme Court precedent which would indicate that the admission of such testimony was in violation of Supreme Court precedent.

### C

### Ineffective Assistance of Counsel.

The issue of ineffective assistance of counsel is also a mixed question of fact and law and therefore the question before the Court is whether the state court's denial of relief was contrary to an unreasonable application of *Strickland v. Washington*, 466 U.S.,668 (1984).  The Court has reviewed the pertinent portions of the record and the arguments regarding the objections concerning ineffective assistance of counsel.  The arguments are without merit and do not provide any legal basis for showing of ineffective assistance of counsel.  The Court adopts the magistrate judge's findings on this issue *in toto*.

### D

### Article 814 of the LSA - C.Cr.P. is Unconstitutional in that it Prohibits the Responsive Verdict of Negligent Homicide, Thereby Unduly Prejudicial of Defendant.

It should be noted that the objections urged by petitioner with respect to the unconstitutionality of Article 814 present absolutely no constitutional analysis as to why the Article would be in violation of the United States Constitution.  Furthermore, it was pointed out by the magistrate judge that in a non-capital case, due process does not require a state court to

give an instruction on a lesser included offense and such claim does not raise a federal constitutional issue. *Dalles v. Lynaugh*, 835 F.2d 126, 127 (5th Cir. 1988).

The petitioner has simply given no basis in law or in fact why the Article 814 is unconstitutional and objections are simply repetitive of the argument made to the magistrate judge and the Court adopts the Report and Recommendation of the magistrate judge *in toto* as to this issue. Therefore,

**IT IS ORDERED** that the petition of Chris G. Gilkers for the issuance of a writ of *habeas corpus* under 28 U.S.C. § 2254, is hereby **DENIED** with prejudice.

New Orleans, Louisiana, this  30th  day of May, 2006.

_____
HON.  STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT JUDGE