**CHRIS G. GILKERS**                                    **CIVIL ACTION**

**VERSUS**                                              **NO. 05-0841**

**N. BURL CAIN, WARDEN**                                **SECTION "K"(2)**

## ORDER AND OPINON

Before the Court is the "Motion for Relief from Judgment and Order Pursuant to Rules of Civil Procedure Rule 60(b)" filed by petitioner Chris G. Gilkers, *pro se*. Having reviewed the pleadings, memoranda, and relevant law, the Court, for the reasons assigned, DENIES the motion.

Background

Because the procedural history of this matter is set forth in detail in the Report and Recommendation prepared by Magistrate Judge Joseph A. Wilkinson, Jr. (Doc. 7), only the background relevant to this motion is included herein. On May 16, 2001, a state court jury convicted Chris G. Gilkers of the second degree murder (La. Rev. Stat. 14:30.1). The state district judge sentenced Gilkers to a term of life imprisonment without benefit of parole, probation, or suspension of sentence. Gilkers appealed his conviction. The Louisiana Fifth Circuit Court of Appeals affirmed Gilkers's conviction. *State v. Gilkers*, 820 So.2d 1152 (La. App. 5th 2002). Thereafter Gilkers filed a writ application with the Louisiana Supreme Court seeking review of his direct appeal. The Louisiana Supreme Court denied writs. *State v. Gilkers*, 845 So.2d 1087 (La. 2003).

Thereafter, Gilkers filed a *pro se* application for post conviction relief with the state district

court.  The state district court denied the application.  The Louisiana Fifth Circuit Court of Appeals,

denied Gilkers's application for writs.  *State v. Gilkers*, No. 03-KH-1427 (La. App. 5th 1215/03).

The Louisiana Supreme Court also denied Gilkers's application for writs.  *State ex rel Gilkers v.

State*, 889 So.2d 256 (La. 2005).

After exhausting his state post-conviction remedies, Gilkers filed a petition for federal

*habeas corpus* relief, which this Court denied.  *Gilkers v. Cain*, No. 05-841 (May 30, 2006)(Doc.

12).  The United States Court of Appeals for the Fifth Circuit denied Gilkers's request for a

certificate of appealability.  *Gilkers v. Cain*, No. 06-30678 (5th Cir. 5/21/07)[1].  The Supreme Court

denied Gilker's petition for a writ of *certiorari*.  *Gilkers v. Cain*, No. 07-5432 (10/12/07).[2]

Several years later Gilkers filed in this Court a second or successive petition for writ of

*habeas corpus*  which this Court transferred to the United States Fifth Circuit Court of Appeals

under the authority of 28 U.S.C. §1631 for a determination of whether Gilkers was authorized under

28 U.S.C. §2244(b) to file the second or successive petition in this Court.  *Gilkers v. Cain*, No. 11-

1019 (5/10/11)(Doc. 2).  The Fifth Circuit denied Gilkers's motion for authorization to file a

successive §2254 application for *habeas corpus* relief.  *Gilkers v. Cain*, No. 11-30451 (5th Cir.

8/31/11).

Gilkers has now filed this "Motion for Relief from Judgment and Order Pursuant to the Rules

of Civil Procedure 60(b)" seeking relief from this Court's May 30, 2006 judgment denying his first

application for federal *habeas* relief.  Gilkers contends that the internal procedures used by the

Louisiana Fifth Circuit Court of Appeals in denying his *pro se* application for a supervisory writ

---

[1]Doc. 19 in this record.

[2] Doc. 21 in this record.

following the state district court's denial of his application for post-conviction relief effectively denied him review by a judge and amounted to "discriminational practices against pro se and indigent litigants seeking review (and justice) in the court." [3] Doc. 22, p. 5. Additionally, Gilkers asserts that the internal procedures of the Louisiana Fifth Circuit Court of Appeals denied him due process and equal protection of the laws.

Law and Analysis

In this motion Gilkers clearly challenges the Court's prior dismissal on the merits of his first application for *habeas corpus* relief. Rule 60(b) permits a losing party to seek relief from a final judgment "under a limited set of circumstances including fraud, mistake, and newly discovered evidence." *Ruiz v. Quarterman*, 504 F.3d 523, 526 (5th Cir. 2007). The Court's inquiry must necessarily begin with a determination of whether Gilkers's "Rule 60(b) motion is subject to the additional restrictions that apply to 'second or successive habeas corpus petitions under AEDPA.'"[4] *Id.* Title 28 U.S.C. §2244(b) provides in pertinent part that before a petitioner can file a second or successive application for *habeas corpus* relief pursuant to 28 U.S.C. §2254, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." It is well established that

> [r]elief is available under Rule 60(b) in habeas proceedings, but of course only in conformity with AEDPA, including its limits of successive federal petitions. It is a subsequent habeas corpus application whenever the Rule 60 motion presents a "claim" for habeas relief. The Supreme Court has provided guidance, holding

---

[3] For general information concerning the challenged internal procedures see *Severin v. Parish of Jefferson*, 2009 WL 1107713 (E.D. La. April 23, 2009)(Africk, J.).

[4] "AEDPA" refers to the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (1996).

that "[i]f neither the motion itself nor the federal judgment from which it seeks relief substantively addresses federal grounds for setting aside the movant's state conviction, allowing the motion to proceed as denominated creates no inconsistency with the habeas statute or rules."

*Ruiz v. Quarterman*, 504 F.3d at 526 (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 533, 125 S.Ct. 2641, 162 L.Ed.2d 480 (2005)). To put it another way, "[a] habeas petition cannot use 'Rule 60(b) to present new claims for relief from a state court's judgment of conviction' or to 'attack [] the federal court's previous resolution of a claim *on the merits.'" Hernandez v. Thaler*, 630 F.3d 420, 427 (5th Cir. 2011), citing *Gonzalez v. Crosby*, 545 U.S. 531-32, 125 S.Ct. 2641, 162 L.Ed.2d 480 (2005). Therefore, petitioner is not entitled to relief under Rule 60(b). However, the Court will construe Gilkers's motion liberally, as one for post-conviction relief under 28 U.S.C. §2254.

With respect to §2254 claims, 28 U.S.C. §2244(b) provides in pertinent part that:

> **(b)(1)** A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> **(2)** A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless–
>
> **(A)** the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> **(B)(i)** the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> **(ii)** the facts underlying the claim, if proven and viewed in the light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
>
> **(3)(A)** Before a second or successive application permitted by this

> section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

Before Gilkers's motion can be considered on the merits by this Court, the petition must obtain authorization to file this second or successive petition from the United States Fifth Circuit Court of Appeals by making a prima facie showing to that appellate court of the satisfaction of the requirements of 28 U.S.C. §2244 (b)(2). Until such time as Gilkers obtains said authorization, this Court lacks jurisdiction to proceed.

Moreover, the Court notes that Gilkers is not entitled to the post-conviction relief sought. Gilkers's challenge is based on alleged infirmities in the state's review of his collateral challenge to his conviction. It is well established that:

> [E]rrors in a state habeas proceeding cannot serve as a basis for setting aside a valid original conviction. An attack on a state habeas proceeding does not entitle the petitioner to habeas relief in respect to his conviction, as it is an attack on a proceeding collateral to the detention and not the detention itself.

*Nichols v. Scott*, 69 F.3d 1255, 1275 (5th Cir. 1995), see also *Kinsel v. Cain*, 647 F.3d 265, 273 (5th Cir. (2011)(federal court lacks jurisdiction to review constitutionality of state postconviction proceedings under the "no state habeas infirmities" rule). Accordingly, the motion is DENIED.

New Orleans, Louisiana, this 15th day of March, 2012.

_____
STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT JUDGE